IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

LOUIS ALAN MAIER                                             Case No. 9:19-bk-05580

                Debtor(s)
_____/

ROBERT E. TARDIF JR., Trustee,

                Plaintiff,

v.                                                                                   Adv. Pro. No.

LOUIS ALAN MAIER and MORGAN
STANLEY SMITH BARNEY, LLC,

                Defendant.
_____/

## COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE

COMES NOW the Trustee, ROBERT E. TARDIF JR., by and through undersigned counsel, and sues the Defendants, LOUIS ALAN MAIER (hereinafter "MAIER") and MORGAN STANELY SMITH BARNEY, LLC (hereinafter "MORGAN STANLEY") and alleges as follows:

1.    The Debtor filed a Chapter 7 voluntary petition under the United States Bankruptcy Code on June 12, 2019. The Plaintiff is the duly appointed Chapter 7 Trustee in the above-styled bankruptcy case.

2.    This is an adversary proceeding for money owed pursuant to 11 U.S.C. § 543.

3.    This Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 543 and 28 U.S.C. § 157(b)(2)(E).

4.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (E).

5.    In or around 2015 or 2016, the Debtor opened an account with MORGAN

STANLEY.

6. Based upon the Plaintiff's knowledge and belief the MORGAN STANLEY account bears Account No. ending 0-138 and is solely titled in the MAIER'S name. The Plaintiff will provide the full account number to MORGAN STANLEY upon request.

7. MORGAN STANLEY is a custodian of the above-referenced account.

8. Based upon information and belief, MAIER established the account with an initial deposit of approximately $100,000.00.

9. In or around May 2019, MAIER sold real property in New York known by MAIER and his creditors as the Grennel Property.

10. Based upon information and belief, the approximate proceeds from the sale of the real property were $400,000.00. MAIER also received before the finalization of the sale of the real property the sum of $75,000.00 for the purchase of personal property located at the Grennel Property, including two boats.

11. After receiving the proceeds of the sale of the real property, MAIER deposited at least $350,000.00 into the above-referenced MORGAN STANLEY account.

12. In his bankruptcy schedules, MAIER seeks to claim the MORGAN STANLEY account exempt. The Plaintiff disputes that MAIER is entitled the exemption claimed.

13. The Plaintiff believes that the funds in the account were fraudulently converted non-exempt assets.

14. In addition, notwithstanding whether the funds in the account represent the proceeds of fraudulently converted assets, the funds in the account are not exempt or wholly exempt under the exemption scheme applicable to MAIER.

15. The funds in the MORGAN STANLEY account are property of the bankruptcy estate.

WHEREFORE the Plaintiff demands entry of a final judgment against the Defendants for the following relief:

a. finding that the funds in the MORGAN STANLEY account are property of the bankruptcy estate;

b. directing that MAIER and MORGAN STANLEY deliver to the Plaintiff the funds in the MORGAN STANLEY account;

c. directing that MORGAN STANLEY file and/or provide the Plaintiff an accounting of funds that, at any time, came into possession, custody or control of MORGAN STANLEY from the Debtor pursuant to Section 543(b)(2); and

d. ordering such other further relief that is appropriate.

> ROBERT E. TARDIF JR., P.A.
> Attorneys for Trustee
> 1601 Jackson Street Suite 105
> Fort Myers, FL 33901
> Telephone: (239) 362-2755
> Facsimile: (239) 362-2756
>
> By: __/s/ Robert E. Tardif Jr._
>     Robert E. Tardif Jr.
>     Florida Bar No. 818704